# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SEAN T. PIERCE,

    Plaintiff,

    v.

JAMES COCKRELL and STEPHANIE RICHARD,

    Defendants.

Case No. 3:22-cv-00176-JMK

## NOTICE OF INTENT TO DISMISS

Self-represented litigant Sean T. Pierce ("Plaintiff") initiated this case on July 28, 2022, by filing (i) a Complaint for Injunctive and Declaratory Relief; and Temporary and Long-Term Permanent Restraining Order to Stop/Prevent Deprivation of Civil Rights Guaranteed by the Constitution of the United States; (ii) a civil cover sheet; (iii) an Application to Waive the Filing Fee; and (iv) a "Motion for Expedited Consideration for Temporary Restraining Order, for Permission to Proceed Telephonically, and for Certification that FRCP 5.1 has been accomplished."[1]

On July 29, 2022, the Court issued a screening order that dismissed the Complaint for failure to state a claim for relief but granted leave to amend.[2] The Court identified numerous procedural and substantive deficiencies in the

---

[1] Dockets 1–4.

[2] Docket 5.

Complaint and provided additional information on the applicable federal standards in order to assist Plaintiff in filing an amended complaint. Specifically, the Court provided information on the impossibility of *pro se* class actions, the barriers of state immunity, how to state a claim, the necessary elements of civil rights actions under 42 U.S.C. § 1983, sex-offender registration forms, and the right against self-incrimination. The Court also directed the Clerk of Court to provide Mr. Peirce with template forms[3] and the Court's *Handbook for Self-Represented Litigants*. The Court also expeditiously considered and denied Plaintiff's motion at Docket 4 because Plaintiff failed to establish the requirements for a preliminary injunction.[4]

In response, Plaintiff filed a "Memorandum of Notice" which was docketed as an Amended Complaint.[5] Upon screening Plaintiff's filing at Docket 6, although the Court provided substantial guidance, Plaintiff failed to cure the deficiencies identified in the Court's previous Screening Order. The Plaintiff's 20-page filing "adopts and cites by reference all material contained within his previous Complaint."[6] It appears Plaintiff's intention was not to file an amended complaint, but to "preserve [the issues] for appeal."[7] Plaintiff specifically states his "memo is

---

[3] The Court inadvertently sent Plaintiff the Civil Rights Complaint Form for Prisoners instead of the Non-Prisoners' Complaint form. Docket 5 at 22. Plaintiff acknowledges the Court's forms are available online (Docket 6 at 19) and will be provided with a copy of the correct form with this order.

[4] Docket 5.

[5] Docket 6.

[6] Docket 6 at 4.

[7] *Id.*

Case No. 3:22-cv-00176-JMK, *Pierce v. State of Alaska Department of Public Safety*
Notice of Intent to Dismiss
Page 2 of 5
Case 3:22-cv-00176-JMK   Document 7   Filed 04/07/23   Page 2 of 5

anyway solely for the purposes of raising issues to be preserved for appeal. It is not an amended complaint."[8]

A plaintiff may obtain a final judgment by filing in writing a notice of intent not to file an amended complaint.[9] Plaintiff is entitled to pursue potential avenues of relief available to him and how he wishes to pursue his litigation strategy is certainly his decision.[10] Based on Plaintiff's filing, **the Court intends to dismiss this case and issue a final decision.** Should Plaintiff wish to appeal a decision of the Court, he should familiarize himself with the Federal Rules of Appellate Procedure, the Local Rules of the Ninth Circuit Court of Appeals,[11] and the applicable caselaw.

Should Plaintiff wish to amend his complaint, he must file a complaint that conforms to the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Alaska **within 30 days of the date of this order**. To assist self-represented litigants in filing a complaint that is in compliance with applicable court rules, the District of Alaska has prepared a form complaint for this purpose; a copy

---

[8] Docket 6 at 4, 19–20.

[9] *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1064 (9th Cir. 2004) (internal quotations and citations omitted); *see also Unified Data Servs., LLC v. Fed. Trade Comm'n,* 39 F.4th 1200 (9th Cir. 2022) (a plaintiff given leave to amend must affirmatively alert the district court that it intends to rest on its complaint as pleaded before an appeal may be taken).

[10] *See, e.g., McKaskle v. Wiggins,* 465 U.S. 168, 183–184 (1984) (District judges have no obligation to act as counsel or paralegal to pro se litigants.); *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' … that counsel would normally carry out.").

[11] The most current version of the Federal Rules of Appellate Procedure, Ninth Circuit Rules and Circuit Advisory Committee Notes are available at https://www.ca9.uscourts.gov/rules/.

Case No. 3:22-cv-00176-JMK, *Pierce v. State of Alaska Department of Public Safety*
Notice of Intent to Dismiss
Page 3 of 5
Case 3:22-cv-00176-JMK   Document 7   Filed 04/07/23   Page 3 of 5

of this form is included with this order. As the Court previously advised, an amended complaint will replace the prior complaint in its entirety and must include all the claims Plaintiff seeks to bring. **"The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."**[12] Any claims not included in an amended complaint will be considered waived.[13] If Plaintiff fails to file a legally sufficient amended complaint, his case may be dismissed with prejudice.

**IT IS THEREFORE ORDERED**:

1. Plaintiff is accorded **30 days** to file:

    a. An Amended Complaint that complies with the Court's orders, OR

    b. Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.

2. If Plaintiff does not file either an Amended Complaint on the Court's form or a Notice of Voluntary Dismissal with 30 days, the Court will consider Plaintiff's filing at Docket 6 a Formal Notice of His Intent Not to Amend, and this case will be dismissed without prejudice.

---

[12] *See* Local Civil Rule 15.1

[13] *See Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original"); *Lacey*, 693 F.3d at 911 (9th Cir. 2012) (en banc) (explaining that claims dismissed with leave to amend which are not re-alleged are waived); *Schlienz*, 831 F. App'x 315 (declining to "consider claims from [plaintiff's] earlier complaints that were dismissed with leave to amend because [plaintiff] failed to replead them in his operative complaint.") (citation omitted).

Case No. 3:22-cv-00176-JMK, *Pierce v. State of Alaska Department of Public Safety*
Notice of Intent to Dismiss
Page 4 of 5
Case 3:22-cv-00176-JMK   Document 7   Filed 04/07/23   Page 4 of 5

3. Any request for relief must be in the form of a motion and must comply with the applicable Federal Rules of Civil Procedure and the Local Civil Rules for the District of Alaska.

4. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) Non-Prisoner Civil Rights Complaint Form (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the Court's July 29, 2022 Screening Order at Docket 5.

DATED this 7th day of April, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00176-JMK, *Pierce v. State of Alaska Department of Public Safety*
Notice of Intent to Dismiss
Page 5 of 5
Case 3:22-cv-00176-JMK   Document 7   Filed 04/07/23   Page 5 of 5